Filed 7/3/14  P. v. Jefferson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071936 |
| v. | (Super. Ct. No. 11F02786) |
| LEROY JEFFERSON, | |
| Defendant and Appellant. | |

Following the trial court's denial of his motions to traverse and quash the search warrant in this case, defendant Leroy Jefferson pled no contest to possession of cocaine for sale (Health & Saf. Code, § 11351), possession of cocaine base for sale (Health & Saf. Code, § 11351.5), two counts of unlawful possession of a firearm (Pen. Code, § 12021, subd. (a)), and felony child endangerment (Pen. Code, § 273a, subd. (a)). Defendant also admitted several sentencing enhancements, including being armed with a firearm during the commission of his crimes (Pen. Code, § 12022, subd. (c)) and being previously convicted of a strike offense (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12).

On appeal from the resulting 11-year prison term, defendant contends the trial court erred in allowing a portion of the search warrant affidavit to remain sealed and in denying his motions to traverse and quash the search warrant.  We disagree and affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, a magistrate signed a warrant authorizing the search of two residential premises, their surrounding areas and out buildings, and any vehicles and other property on the premises owned by defendant and another individual. The warrant also authorized the search of several vehicles, three of which were registered to defendant. Law enforcement officers were directed to search for drugs, as well as indicia of drug manufacturing and sales. The magistrate also ordered part of the search warrant affidavit sealed to protect the identity of one or more confidential informants.

Before pleading no contest, defendant brought motions, following the procedure set forth in *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), to have the trial court conduct an in camera review of the sealed material to determine whether the sealing was proper and to traverse and quash the warrant. The trial court did so and (1) found the affidavit was properly sealed, (2) denied the motion to traverse the warrant because "the public and sealed portions of the affidavit do not support any charges of material misrepresentation," and (3) denied the motion to quash the warrant "based on [the court's] review of all the relevant materials, that the magistrate had a substantial basis for concluding that probable cause existed for the issuance of the search warrant in question."

## DISCUSSION

Under *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any portion or all of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972.)

2

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit . . . .  Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"If the trial court determines that the materials . . . before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse." (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit . . . , there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant.  [Citations.]  In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law . . . to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

"If the court determines, based on its review of all relevant materials, that the affidavit . . . furnished probable cause for issuance of the warrant . . . , the court should simply report this conclusion to the defendant and enter an order denying the motion to quash." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)  "In all instances, a sealed transcript of the in

camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review." (*Ibid*.)  On appeal, we review for abuse of discretion.  (See *id*. at p. 976.)

Here, defendant asks us to review the trial court's determinations under *Hobbs*. Having reviewed the sealed and unsealed portions of the search warrant affidavit, we conclude there was no abuse of discretion.  The trial court correctly determined the confidential portion of the affidavit was properly sealed.  Additionally, the trial court correctly determined there was no portion of the affidavit, sealed or otherwise, that supported any charge of material misrepresentation, and the magistrate had a substantial basis for finding probable cause to issue the warrant.  Therefore, the trial court properly denied defendant's motions.

## DISPOSITION

The judgment is affirmed.

                                           HOCH          , J.

We concur:

ROBIE          , Acting P. J.

BUTZ          , J.

4